UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYNE DEE WELLS JR,

    Plaintiff,

v.

STEVEN DEMARS,

    Defendant.

CASE NO. C11-5759 BHS-JRC

ORDER STAYING THE ACTION AND DIRECTING PLAINTIFF TO SHOW CAUSE

The district court has referred this 42 U.S.C. §1983 civil rights matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendant asks that the Court stay the scheduling order in this case to avoid any prejudice to the parties (ECF No. 26). Defendant explains that plaintiff has been transferred out from the state's prison system to state court and that plaintiff was at different county jails in Spokane and Skagit County (ECF No. 26).

Apparently, plaintiff has been out of the state system since April of this year. Mail that the Court sent to plaintiff on April 18, 2012, was returned as undeliverable on April 27, 2012 (ECF No. 25).

Defendant states that there is outstanding discovery that predates the May 4, 2012, discovery cutoff date (ECF No. 26). Counsel informs the Court that attempts to contact plaintiff

and set up a telephonic conference regarding discovery were not successful while plaintiff was at the county jails.

On June 20, 2012, plaintiff notified the Court that he had been returned to the custody of the Department of Corrections and requested that all pleadings from April 18, 2012 to the present be re-sent to him (ECF No. 27). However, pleadings the Court sent to plaintiff on June 20, 2012, have been returned as undeliverable (ECF No. 28). Thus, the Court has not been able to mail anything to plaintiff from April 28, 2012 to June 26, 2012 – over 60 days.

Local Rule 41 (2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Plaintiff is in violation of that rule as of June 26, 2012. This action is stayed. Plaintiff has until August 3, 2012, to inform the Court of a current address and to show cause why plaintiff should not be sanctioned for failing to keep the Court advised of a current address. After receiving a current address and response to this Order, the Court will decide what sanction, if any, is appropriate and set a new dispositive motion and joint status report deadline.

Any motion the parties have regarding discovery may be submitted after August 3, 2012. Discovery is closed and no new discovery may be propounded by either side. If plaintiff does not respond to this Order on or before August 3, 2012, the Court will recommend that this action be dismissed for failure to prosecute and for failure to comply with a court order.

Dated this 29th day of June, 2012.

J. Richard Creatura
United States Magistrate Judge